BRENNER, APPELLANT, *v.* BOARD OF LIQUOR CONTROL OF OHIO ET AL., APPELLEES.

(No. 5265—Decided October 28, 1955.)

*Mr. Milton L. Farber,* for appellant.
*Mr. C. William O'Neill,* attorney general, and *Mr. Kiehner Johnson,* for appellees.

Fess, J. This is an appeal on questions of law from a judgment of the Common Pleas Court finding that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence, is in accordance with law, and affirming such order.

Four charges were made against the permit holder:

1. The sale of intoxicating liquor to a minor on September 9, 1953.

2. Tampering with or intimidating a witness who was subpoenaed by the Department of Liquor Control to testify before the board.

3. The sale of spirituous liquor, whiskey, on Sunday.

4. That an employee was convicted in the Cincinnati Municipal Court for selling intoxicating liquor on the premises on Sunday.

On motion of the department the third charge was dismissed, but, presumably by inadvertence, the order of the board revoking the permit sustained such charge.

Evidence in support of the second charge tends to show that after the final hearing of the minor's case in the police court the permit holder requested her to leave Cincinnati where she had been residing with her grandmother and go to her mother in Portsmouth. The record fails to show when the charges were filed by the department or a subpoena issued to the minor. The charges did not come on for hearing before the board until the preliminary hearing in February and the final hearing in May. The evidence is undisputed that the permittee took the minor in his automobile to the police court for the hearing on the criminal charge on two or three occasions. The police officer testified that he interviewed the minor's grandmother on December 1, 1953, with regard to the child's age, incident to preparing the case for hearing before the board. The grandmother testified that the girl left to see her mother on October 28, and was gone three weeks. The permit holder took the child to police court on September 18 and October 13. The girl testified that the permittee requested her to go to her mother shortly after the trial on October 13. Apparently the permittee received notice on October 27 that the case was first set for hearing on December 2. The girl testified at a preliminary hearing before the board on February 16, and also as a witness for the state at the final hearing on May 17.

It is charged that on September 10, 1953, and on subsequent dates, the permit holder conducted himself in an improper manner in that he did tamper with and intimidate witnesses re-

quired and subpoenaed by the department to testify to a citation arising from an alleged violation (sale to a minor upon the permit premises on September 9, 1953) of the Liquor Control Act and regulations of the board.

There is no evidence of any substance that the permittee intimidated any such witness. Section 2917.07, Revised Code (Section 12866, General Code), imposes a penalty for intimidation of witnesses and for impeding the due administration of justice in the courts. It has been held that removing a witness from the county of his residence obstructs the administration of justice and is a contempt of court. *Hale* v. *State,* 55 Ohio St., 210, 45 N. E., 199, 60 Am. St. Rep., 691, 36 L. R. A., 254. The Administrative Procedure Act provides that it shall be the duty of the Common Pleas Court of any county where disobedience, neglect or refusal to respond to a subpoena occurs, on application of the agency, to compel obedience by attachment proceedings for contempt. Section 119.09, Revised Code (Section 154-70, General Code). No provision of the Liquor Control Act or regulations of the board, with respect to tampering with or intimidating witnesses subpoenaed by the department, have been called to our attention.

In our opinion, the evidence that the permittee tampered with the minor's appearance as a witness before the board is insubstantial. No violation of law or the regulations of the board having been proved, we conclude that charge No. 2 is not substantial and is contrary to law.

The judgment of the Common Pleas Court is, therefore, reversed and the cause is remanded to the Board of Liquor Control to dismiss charges Nos. 2 and 3. That portion of the order of the board with respect to charges Nos. 1 and 4 is affirmed, and the cause is remanded thereto for further proceedings.

*Judgment accordingly.*

MILLER, P. J., and HORNBECK, J., concur.

FESS, J., of the Sixth Appellate District, sitting by designation in the Second Appellate District.